JEFFREY M. COHON, ESQ. (CSBN 131431)
jcohon@cohonpollak.com
KRISTINA S. KELLER, ESQ. (CSBN 161946)
kkeller@cohonpollak.com
**COHON & POLLAK, LLP**
10250 Constellation Boulevard, Suite 2320
Los Angeles, California 90067
Tel: 310/231-4470
Fax: 310/231-4610

Attorneys for Plaintiffs
DYNAMIC NURSING SERVICES, INC.
AND DYNAMIC HOME CARE SERVICE, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DYNAMIC NURSING SERVICES, INC., a California corporation, and DYNAMIC HOME CARE SERVICE, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DYNAMIC HOME HEALTH CARE, INC., a California corporation; CHRISTIANA ADEKEMI OGUNLADE, an individual; and DOES 1 TO 10,<br><br>Defendants. | Case No. 2:15-CV-02813<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT 15 U.S.C. § 1125(a)**<br><br>**(2) FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)(1)(A))**<br><br>**(3) TRADEMARK DILUTION 15 U.S.C. § 1125(c))**<br><br>**(4) CYBERPIRACY – 15 U.S.C. § 1125(d)**<br><br>**(5) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**<br><br>**(6) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**(7) FEDERAL UNFAIR COMPETITION – 15 U.S.C. § 1126(h)**<br><br>**(8) CALIFORNIA UNFAIR COMPETITION – California *Business & Professions Code* § 17200 *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs DYNAMIC NURSING SERVICES, INC. and DYNAMIC HOME CARE SERVICE, INC. (collectively "DYNAMIC") allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the trademark laws of the United States, 15 *U.S.C.* §1051 *et seq*. ("Lanham Act"), the trademark laws of California ("California Model State Trademark Law") California *Business and Professions Code* §14200, *et seq.*, the unfair competition laws of the United States (15 U.S.C. § 1126(h)) the unfair competition laws of California (California *Business and Professions Code* § 17200, *et seq*.), and other laws of the United States and the State of California. This Court has original jurisdiction under 28 *U.S.C.* §§ 1331 and 1338(a)(b), and supplemental jurisdiction pursuant to 28 *U.S.C*. § 1367(a).

2. Venue is proper pursuant to 28 *U.S.C*. § 1391(b)(1) in that the defendant has its principal place of business in this judicial district.

## PARTIES

3. Plaintiffs DYNAMIC NURSING SERVICES, INC. AND DYNAMIC HOME CARE SERVICE, INC. (collectively "DYNAMIC") are California corporations both doing business in the County of Los Angeles, State of California. DYNAMIC owns the trademarks, service marks, trade names and the claims involved in this lawsuit.

4. Plaintiff is informed and believes that Defendant DYNAMIC HOME HEALTH CARE, INC., is a California corporation doing business in Los Angeles County, State of California.

5. Plaintiff is informed and believes that Defendant CHRISTIANA ADEKEMI OGUNLADE ("OGUNLADE") is an individual who resides in the County of Los Angeles, State of California.

6. The true names and capacities of Doe Defendants 1 through 10, inclusive, whether individual, corporate, associate or otherwise are not presently known to Plaintiff, and these Defendants are therefore sued by these fictitious names. Plaintiff will seek leave of this Court to amend this complaint to show the true names and

capacities of the Defendants named herein as Does 1 through 10, inclusive, when those names and capacities have been ascertained.

7. Plaintiff is informed and believes and based thereon alleges that each person and/or entity sued herein by a fictitious name was in some way responsible for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were caused by such Defendants, and each of them.

8. At all times herein mentioned, each of the Defendants was the alter ego, agent or employee of each of the remaining Defendants, and was at all times acting within the purpose and scope of said agency or employment, and each Defendant has ratified and approved the acts of his agent(s).

## GENERAL ALLEGATIONS

**A.   THE BUSINESS OF DYNAMIC**

9. DYNAMIC has been in business since 1987. For almost thirty (30) years, DYNAMIC has provided in home health care including, but not limited to, personal attendant services, skilled nursing and nursing aide services, and other home care services.

10. DYNAMIC owns the Federal, California and common law trademark, service mark and trade name rights in all of the following: "Dynamic Nursing," "Dynamic Home Care," and "Dynamic Associated" and operates under the those names. DYNAMIC's federal trademark rights are in International Class 44 for Home health care services; Home nursing aid services; Home-visit nursing care; and related services.

11. DYNAMIC'S common law and statutory trademarks, service marks and trade names are hereafter individually and collectively referred to at times as "DYNAMIC'S MARKS."

12. DYNAMIC'S MARKS have had longstanding appeal and recognition by clients, employees, patients, health care workers, service organizations, non-profit agencies, and a multitude of others in the home health industry throughout California and Nevada for the past 28 years.

COMPLAINT FOR TRADEMARK INFRINGEMENT; DEMAND FOR JURY TRIAL

13. The DYNAMIC MARKS are associated by clients, health care workers, service organizations, non-profit agencies, community centers, and a multitude of other professionals and non-professionals in the home health industry with services provided by Plaintiff DYNAMIC.

14. DYNAMIC is recognized as a leader in its field.

15. DYNAMIC partners with many well known Social Service organizations in the greater Los Angeles area and throughout California and Nevada, serves on many health councils, advisory boards, senior centers, private non-profit agencies and engages in many community based programs.

16. DYNAMIC provides outstanding in home health care and staffing services to its clients and customers and has an excellent reputation.

17. DYNAMIC has invested substantial sums of money in building the DYNAMIC MARKS and in marketing and promoting all of the services DYNAMIC offers through the DYNAMIC MARKS.

18. As a part of its investment in marketing and promotion, DYNAMIC operates a website which uses the DYNAMIC MARKS:  www.dynamicnursing.com.

19. Through extensive marketing and promotion of DYNAMIC'S services using the DYNAMIC MARKS, and through extensive and continuous use, DYNAMIC has generated substantial goodwill associated with the DYNAMIC MARKS in the States of California and Nevada.

**B.    THE BUSINESS OF DEFENDANT "DYNAMIC HOME HEALTH CARE"**

20. DYNAMIC is now informed and believes that DEFENDANTS DYNAMIC HOME HEALTH CARE and OGUNLADE (collectively "DEFENDANTS") are also in the business of home health care services.

21. DYNAMIC is informed and believes that DEFENDANTS have been in the home health care business since approximately mid-2010.

22. DYNAMIC is informed and believes that DEFENDANT DYNAMIC HOME HEALTH CARE, INC. is owned and operated by DEFENDANT OGUNLADE.

23.     DYNAMIC is informed and believes that in or about mid-2010 OGUNLADE opened an office for DEFENDANT DYNAMIC HOME HEALTH CARE, INC. at 2420 West Carson Street, Suite 200, Torrance, California 90501, less than nine and a half miles from from DYNAMIC'S nearest branch office which is located at 3815 Atlantic Avenue, Long Beach, California, directly East of DEFENDANTS' location.

24.     At all relevant times, DEFENDANTS had access and an opportunity to view DYNAMIC'S MARKS and locations on DYNAMIC'S website and through DYNAMIC'S advertising.  DYNAMIC is informed and believes that, without any license or permission from DYNAMIC, DEFENDANTS have illegally marketed their home health care services with the name "DYNAMIC HOME HEALTH CARE, INC." which is confusingly similar to the names "DYNAMIC HOME CARE," "DYNAMIC HOME HEALTH CARE," "DYNAMIC NURSING" AND "DYNAMIC ASSOCIATED" and infringes DYNAMIC'S MARKS.

25.     DYNAMIC has never authorized or consented to DEFENDANTS' use and infringement of DYNAMIC'S MARKS for any purpose.

26.     DEFENDANT DYNAMIC HOME HEALTH CARE, INC. is a direct competitor of PLAINTIFF DYNAMIC.  Both companies offer in home health care services and staffing.

27.     DEFENDANTS are deliberately operating under the name "DYNAMIC HOME HEALTH CARE" with the intention of confusing DYNAMIC'S clients and customers, stealing DYNAMIC'S long standing good will and reputation in the community and exploiting DYNAMIC'S MARKS for DEFENDANTS' own profit in violation of the trademark laws of the United States, 15 *U.S.C.* §1051 *et seq*. ("Lanham Act"), the trademark laws of the State of California, California *Business and Professions Code* §14200, *et seq.* ("California Model State Trademark Law"), and the unfair competition laws of the State of California, California *Business and Professions Code* § 17200, *et seq*. ("California Unfair Competition Law"), as well as other state and federal laws set forth below.

28. DEFENDANTS' use of the name "DYNAMIC HOME HEALTH CARE" has caused and is continuing to cause actual confusion, mistake and deception as to whether or not DEFENDANTS are affiliated with DYNAMIC and whether the source of services is the same.

29. DEFENDANTS' use of DYNAMIC'S MARKS has caused and is causing DYNAMIC irreparable harm in the form of diverted business and lost profits.

30. Moreover, DEFENDANTS' use of DYNAMIC'S MARKS has caused and continues to cause irreparable damage to the reputation and goodwill of DYNAMIC, which has no control over DEFENDANTS' activities or the quality of DEFENDANTS' services.

31. Any mistaken association between or sponsorship of DEFENDANTS and DYNAMIC is likely to cause grave and irreparable harm to DYNAMIC.

32. DEFENDANTS have engaged in the infringing conduct described above willfully, intentionally, knowingly, and in reckless and knowing disregard for the obvious and inevitable injurious consequences of its conduct.

33. In continuing their infringing conduct, despite DYNAMIC'S written and verbal demands that DEFENDANTS cease and desist their illegal activities, DEFENDANTS have further demonstrated their bad faith intent to trade on and profit from DYNAMIC'S MARKS, intellectual property, goodwill and reputation and to confuse and mislead the public.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement - Violation of 15 U.S.C. § 1125(a))**

34. DYNAMIC repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33 as though set forth here at length.

35. The DYNAMIC MARKS are inherently distinctive and arbitrary and, whether used separately or in combination, are entitled to the strongest possible protection afforded by the Lanham Act. The trademarks are strongly associated, individually and in combination, with the DYNAMIC'S services and good will.

COMPLAINT FOR TRADEMARK INFRINGEMENT; DEMAND FOR JURY TRIAL

36. DEFENDANTS' use of the name "DYNAMIC HOME HEALTH CARE" in marketing and promoting its in home health care and staffing services constitutes trademark infringement under the Lanham Act (15 *U.S.C.* §1125).

37. DEFENDANTS' use of DYANAMIC'S MARKS – as demonstrated by its use and infringement of DYANAMIC'S name with a confusingly similar name in the same business vicinity as DYNAMIC'S business – shows that DEFENDANTS deliberately intended to misappropriate for themselves goodwill developed by and belonging to DYNAMIC and to divert business from DYNAMIC to DEFENDANTS.

38. DEFENDANTS' actions have caused and will continue to cause DYNAMIC irreparable harm for which money damages and other remedies are inadequate. Unless DEFENDANTS are restrained by this Court, DEFENDANTS will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to DYNAMIC through, among other harms:

   a. Depriving DYNAMIC of its common law and statutory rights to the exclusive use and control use of its MARKS;
   b. Creating a likelihood of confusion, mistake and deception among consumers and trade as to the source of the infringing products and services;
   c. Causing the public falsely to associate DEFENDANTS with DYNAMIC or vice versa; and
   d. Causing incalculable and irreparable damage to DYNAMIC's reputation and goodwill, and diminishing the capacity of DYNAMIC'S MARKS to differentiate DYNAMIC's services from others.

39. DYNAMIC is entitled to injunctive relief remedying DYNAMIC'S harm and injuries and preventing DEFENDANTS' illegal actions and further harm and damages to DYNAMIC.

/ /

40. DEFENDANTS have caused great damage and injury to DYNAMIC for which DYNAMIC is entitled to recover statutory damages and/or treble compensatory damages and profits, costs of the action, and reasonable attorney fees pursuant to 15 *U.S.C.* § 1117.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin - Violation of 15 U.S.C. § 1125(a)(1)(A))**

41. DYNAMIC repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 40 as though set forth here at length.

42. DEFENDANTS' use of DYNAMIC'S MARKS and the confusingly similar name of DEFENDANT DYNAMIC HOME HEALTH CARE in its advertising and promotion has caused a diversion of sales from DYNAMIC to DEFENDANTS.

43. DYNAMIC is the rightful owner of the DYNAMIC MARKS. Therefore, DEFENDANTS' use of DYNAMIC'S MARKS constitutes false statements because DEFENDANTS are not the rightful owner of the marks.

44. DEFENDANTS' use of DYNAMIC'S MARKS was in interstate commerce and deceived DEFENDANTS' intended audience as to the origin of the services.

45. DEFENDANTS' use of DYNAMIC'S MARKS is in connection with home health services and staffing, the same business services offered by DYNAMIC.

46. DEFENDANTS' use of DYNAMIC'S MARKS has caused and is likely to continue to cause confusion, mistake, and deception as to the affiliation, connection, or association of DEFENDANTS with DYNAMIC and as to the origin, sponsorship, or approval of DEFENDANTS' services and commercial activities by DYNAMIC.

47. As a result of DEFENDANTS' illegal activities, as described above, DYNAMIC has lost sales and diminished good will. DYNAMIC has been and, until DEFENDANTS are enjoined, will continue to be damaged by DEFENDANTS' illegal acts.

48. DYNAMIC is entitled to injunctive relief remedying DYNAMIC'S harm and injuries and preventing DEFENDANTS' illegal actions and further harm and

1 damages to DYNAMIC.

2 49. DEFENDANTS have caused great damage and injury to DYNAMIC for which DYNAMIC is entitled to recover statutory damages and/or treble compensatory damages and profits, costs of the action, and reasonable attorney fees pursuant to 15 *U.S.C.* § 1117.

## THIRD CLAIM FOR RELIEF

## (TRADEMARK DILUTION - Violation of 15 U.S.C. § 1125(c))

50. DYNAMIC repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 49 as though set forth here at length.

51. DYNAMIC'S MARKS are famous in California and Nevada in the home health care and staffing industry.

52. DYNAMIC is entitled to an injunction against DEFENDANTS because, after DYNAMIC'S MARK became famous, DEFENDANTS commenced use of DYNAMIC'S MARK and a trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of DYNAMIC'S famous MARK.

53. DYNAMIC is entitled to injunctive relief remedying DYNAMIC'S harm and injuries and preventing DEFENDANTS' illegal actions and further harm and damages to DYNAMIC.

54. Moreover, DEFENDANTS have caused great damage and injury to DYNAMIC for which DYNAMIC is entitled to recover statutory damages and/or treble compensatory damages and profits, costs of the action, and reasonable attorney fees pursuant to 15 *U.S.C.* § 1117.

## FOURTH CLAIM FOR RELIEF

## (CYBERPIRACY - Violation of 15 U.S.C. § 1125(d))

55. DYNAMIC repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 57 as though set forth here at length.

56. DEFENDANTS trafficked the name "DYNAMIC HOME HEALTH CARE" in extensive internet advertising.

57. The name "DYNAMIC HOME HEALTH CARE" that has been trafficked by DEFENDANTS on the internet is confusingly similar to DYNAMIC'S MARKS.

58. DEFENDANTS acted with bad faith intent to profit from DYNAMIC'S MARKS.

59. As a result of DEFENDANTS' illegal activities, as described above, DYNAMIC has lost sales and diminished good will. DYNAMIC has been and, until DEFENDANTS are enjoined, will continue to be damaged by DEFENDANTS' illegal acts.

60. DYNAMIC is entitled to injunctive relief remedying DYNAMIC'S harm and injuries and preventing DEFENDANTS' illegal actions and further harm and damages to DYNAMIC, including, but not limited to, removal of the name "DYNAMIC HOME HEALTH CARE" in reference to DEFENDANTS' services from all internet websites, weblinks and search engines.

61. DEFENDANTS have caused great damage and injury to DYNAMIC for which DYNAMIC is entitled to recover statutory damages and/or treble compensatory damages and profits, costs of the action, and reasonable attorney fees pursuant to 15 *U.S.C.* § 1117.

## FIFTH CLAIM FOR RELIEF

### (Tortious Interference With Contractual Relations)

62. DYNAMIC repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 61 as though set forth here at length.

63. Before DEFENDANTS began their infringing conduct, DYNAMIC had contractual relationships with existing clients and customers.

64. DEFENDANTS had knowledge of DYNAMIC'S contractual relationships with the DYANAMIC'S clients and customers.

65. DEFENDANTS intentionally used DYNAMIC'S MARKS to divert all future economic relationships with DYNAMIC'S clients and customers to themselves and to disrupt further relationships and economic advantage between DYNAMIC and

COMPLAINT FOR TRADEMARK INFRINGEMENT; DEMAND FOR JURY TRIAL

its clients and customers.

66. DEFENDANTS actually did disrupt certain relationships between DYNAMIC and its clients and customers and caused various clients and customers to breach their contracts and/or relationships with DYNAMIC.

67. DEFENDANTS proximately caused economic harm to the DYNAMIC by their actions for which DYNAMIC is entitled to compensatory damages and other relief as entitled by law.

## SIXTH CLAIM FOR RELIEF

**(Tortious Interference With Economic Advantage)**

68. DYNAMIC repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 67 as though set forth here at length.

69. Before DEFENDANTS began their infringing conduct, DYNAMIC had economic relationships with several third party clients and customers and potential clients and customers with the probability of future economic benefit to DYNAMIC.

70. DEFENDANTS had knowledge of DYNAMIC'S economic relationships with the aforementioned clients and customers and potential clients and customers.

71. DEFENDANTS intentionally used DYNAMIC'S MARKS to divert all future economic relationships with DYNAMIC'S clients and customers and potential clients and customers to itself and to disrupt further relationships and economic advantage between DYNAMIC and its clients and potential clients.

72. DEFENDANTS actually did disrupt certain relationships between DYNAMIC and its clients and customers and potential clients and customers.

73. DEFENDANTS proximately caused economic harm to the DYNAMIC by its actions for which DYNAMIC is entitled to compensatory damages and other relief as entitled by law.

/ /

/ /

/ /

## SEVENTH CLAIM FOR RELIEF

### (Federal Unfair Competition - Violation of 15 *U.S.C.* § 1126(h))

74.  DYNAMIC repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 73 as though set forth here at length.

75.  15 *U.S.C.* § 1126(h) prohibits any person or entity involved interstate commerce from engaging in unfair competition.

76.  The conduct of DEFENDANTS alleged in this complaint violated 15 U.S.C. § 1126(h) through the activities alleged above, including but not limited to the violations of the Lanham Act.

77. DYNAMIC has been and continues to be harmed by DEFENDANTS' unfair competition and DYNAMIC is entitled to injunctive relief remedying and preventing such unfair competition.

## EIGHTH CLAIM FOR RELIEF

### (Unfair Competition - Violation of California Business and Professions Code § 17200 *et seq*.)

78.  DYNAMIC repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 77 as though set forth here at length.

79. California *Business & Professions Code* §17200, *et seq.*, prohibits any person or entity involved in any business or profession in the State of California from engaging in unfair competition, including engaging in any unlawful, unfair and fraudulent business acts or practice.

80.  The conduct of DEFENDANTS alleged in this complaint violated California *Business & Professions Code* §17200, *et seq.* through the activities alleged above, including but not limited to the violations of the Lanham Act.

81. DYNAMIC has been and continues to be harmed by DEFENDANTS' unfair competition and DYNAMIC is entitled to injunctive relief remedying and preventing such unfair competition.

/ /

## **PRAYER FOR RELIEF**

WHEREFORE, DYNAMIC prays that this Court adjudge and enter judgment in DYNAMIC's favor as follows:

A.  That DYNAMIC'S MARKS have been infringed by DEFENDANTS in violation of DYNAMIC's rights under 15 *U.S.C.* § 1114 and 1125;

B.  That DEFENDANTS have competed unfairly with DYNAMIC in violation of DYNAMIC's rights under 15 *U.S.C.* § 1126(h) and California *Business and Professions Code §* 17200 et seq.;

C.  That DEFENDANTS have illegally interfered with DYNAMIC'S contractual relationships and prospective business relationships and economic advantages;

D.  That DEFENDANTS and each of their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with DEFENDANTS, and/or any person(s) acting for, with, by, through or under them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

1. Selling, offering for sale, producing, sourcing, importing, distributing, designing, advertising or promoting any goods or services that display any words, terms, names or symbols that so resemble the DYNAMIC MARKS as to be likely to cause confusion, mistake or deception, on or in connection with any goods or services that are not authorized by or for DYNAMIC;

2. Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of DEFENDANTS or their services with DYNAMIC or as to the origin of DEFENDANTS' services, or any false designation of origin, false or misleading description or representation of fact;

3. Making any express or implied representation of any relationship to

|   |   |   |
|---|---|---|
| | | or affiliation with DYNAMIC; |
| | 4. | Further infringing the rights of DYNAMIC in and to any of its trademarks, service marks, or trade names or otherwise competing unfairly with DYNAMIC in a manner or damaging DYNAMIC's goodwill or business reputation; |
| | 5. | Continuing to perform in any manner whatsoever any of the acts complained of in this Complaint; |
| | 6. | Further infringing the rights of DYNAMIC in and to ay of its trademarks, service marks, or trade names or otherwise competing unfairly with DYNAMIC by the use of its MARKS in any form on the internet. |

E. That DEFENDANTS be required immediately to supply DYNAMIC's counsel with a complete list of individuals and entities with whom they have done business or provided any services.

F. That DEFENDANTS be required immediately to discontinue any further exploitation of the DYNAMIC MARKS on their website and in any form of advertising and remove the name "DYNAMIC HOME HEALTH CARE" as referring to DEFENDANTS' services from any and all web content, including, but not limited to, websites, weblinks, search engines, and URLs;

G. That DEFENDANTS, within thirty (30) days after service of the Judgment, be required to file with this Court and serve upon DYNAMIC's counsel a written report under oath setting forth in detail the manner in which it has complied with the Judgment;

H. That DYNAMIC recover from DEFENDANTS its actual damages, lost profits, a reasonable royalty and/or statutory damages in an amount to be proven at trial, that DEFENDANTS be required to account for any income that is attributable to their illegal acts, and that DYNAMIC be awarded the greater of (1) three times DEFENDANTS' income or profits or (2) three times any damages sustained by

1 | DYNAMIC, under 15 *U.S.C.* § 1117, plus prejudgment interest;

2 |     I.    That a constructive trust shall be imposed on all DEFENDANTS' funds and assets that arise out of its infringing activities;

4 |     J.    That by and through its unfair competition DEFENDANTS have violated 15 *U.S.C.* § 1126(h) and California *Business & Professions Code* §17200 and that DEFENDANTS and each of its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with DEFENDANTS, and/or any person(s) acting for, with, by, through or under them, shall be enjoined and restrained at first during the pendency of this action and thereafter permanently from unfairly competing with DYNAMIC or continuing any of the acts complained of in this Complaint.

12 |     K.    That DYNAMIC be awarded its costs and disbursements incurred in connection with this action, including DYNAMIC's reasonable attorneys' fees and investigative expenses; and

15 |     L.    That DYNAMIC shall be awarded all such other relief as this Court deems just and proper.

DATED:  April 16, 2015                COHON & POLLAK, LLP
                                      Jeffrey M. Cohon
                                      Kristina S. Keller


                                      By:   /Kristina S. Keller/
                                      KRISTINA S. KELLER
                                      10250 Constellation Boulevard, Suite 2320
                                      Los Angeles, California 90067
                                      kkeller@cohonpollak.com
                                      Tel:  (310) 231-4470
                                      Fax:  (310) 231-4160

## **DEMAND FOR JURY TRIAL**

Plaintiffs DYNAMIC NURSING SERVICES, INC., and DYNAMIC HOME CARE SERVICE, INC., hereby demand a jury trial on all issues and claims triable by a jury.

DATED: April 16, 2015

COHON & POLLAK, LLP
Jeffrey M. Cohon
Kristina S. Keller

By: /Kristina S. Keller/
KRISTINA S. KELLER
10250 Constellation Boulevard, Suite 2320
Los Angeles, California 90067
kkeller@cohonpollak.com
Tel: (310) 231-4470
Fax: (310) 231-4160